SEDGWICK LLP
BRIAN D. HARRISON (Bar No. 157123)
KIRSTEN A. MICKELSON (Bar No. 271623)
333 Bush Street, 30th Floor
San Francisco, California 94104
Telephone: (415) 781-7900
Facsimile:  (415) 781-2635
*brian.harrison@sedgwicklaw.com*
*kirsten.mickelson@sedgwicklaw.com*

Attorneys for Defendant
WESTCHESTER FIRE INSURANCE COMPANY

ARATA, SWINGLE, SODHI & VAN EGMOND
George Arata (Bar No. 068631)
William A. Lapcevic (Bar No. 238893)
912 11th Street, First Floor (95354)
Post Office Box 3287
Modesto, California 95353
*blapcevic@arata-law.com*
*garata@arata-law.com*

Attorneys for Plaintiffs
ROBERT DRAIZEN, PATRICK MIZE,
and RODNEY K. LOWE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| ROBERT DRAIZEN; PATRICK MIZE; and RODNEY K. LOWE,<br><br>Plaintiffs,<br><br>v.<br><br>ACE WESTCHESTER; and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>Defendants. | CASE NO. 1:11-cv-01717-AWI-SMS<br><br>**STIPULATION REGARDING MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, TO STAY THE ACTION AND TO COMPEL ARBITRATION AND ORDER TO STAY ACTION AND TO COMPEL PLAINTIFFS TO COMPLY WITH INSURANCE POLICY'S MANDATORY ADR PROVISION** |

This Stipulation is entered into by and among plaintiffs Robert Draizen, Patrick Mize and Rodney K. Lowe ("Plaintiffs") and defendant Westchester Fire Insurance Company ("Westchester"), by and through their respective counsel of record, based on the

following:

1. WHEREAS, Westchester issued to Mortgage Tree Lending ("MTL") ACE Advantage Private Company Management Liability Policy No. DON G21942285 003, effective March 2, 2007 to March 2, 2008 (the "Policy");

2. WHEREAS, Plaintiffs to this action, and former principals of MTL, made a claim under the Policy and Westchester denied the claim;

3. WHEREAS, on September 14, 2011, Plaintiffs served this action for breach of contract, breach of the covenant of good faith and fair dealing, and bad faith denial of coverage against Westchester and on October 14, 2011, Westchester timely removed the action to this Court; and

4. WHEREAS, the Policy contains a mandatory Alternate Dispute Resolution ("ADR") provision that requires that any dispute or controversy between the Insured and the Insurer arising out of or relating to the Policy be submitted to the ADR process; and

5. WHEREAS, on September 26, 2011, counsel for Westchester submitted to counsel for Plaintiffs a demand letter citing to the mandatory ADR provision in the Policy and requesting that Plaintiffs stipulate to discontinue this action without prejudice; and

6. WHEREAS, the original deadline under Federal Rule of Civil Procedure 81(c)(2)(C) for filing a responsive pleading was October 21, 2011;

7. WHEREAS, on October 14, 2011, the parties timely conferred in compliance with Federal Rule of Civil Procedure 6(b)(1)(A) and Local Rule 144, and discussed the fact that Plaintiffs are and continue to consider the mandatory ADR provision contained in the Policy and summarized in the demand letter dated September 26, 2011 and therefore the parties agreed to extend the deadline for Westchester to file a responsive pleading by twenty-eight (28) days from October 21, 2011 to November 18, 2011; and

8. WHEREAS, on November 18, 2011, Westchester moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, to stay the action and to compel arbitration pursuant to 9 U.S.C. section 3(c) on the ground that the

parties agreed in writing that the issued raised in this action would be arbitrated per the Policy's mandatory ADR provision (DE 6);

9. WHEREAS, Plaintiffs agree that the mandatory ADR provision under Section XXII of the Policy applies to this action and, in part, provides that either Westchester or Plaintiffs may elect the following choices of ADR process: (1) mediation, and, if necessary, arbitration; or (2) arbitration;

10. WHEREAS, Plaintiffs have elected to go to mediation, then, if necessary, to arbitration; and

11. WHEREAS, the parties have agreed to stay this action (rather than dismiss the action without prejudice) in the event the action goes to arbitration, an arbitration award is issued, and one or both parties want to reduce the arbitration award to a judgment.

Accordingly, based upon the foregoing, the parties hereto stipulate and agree as follows:

That the mandatory ADR provision under Section XXII of the Policy applies to this action , that the Plaintiffs have elected to go to mediation, then, if necessary, to arbitration in this matter, and that this action is stayed pending the outcome of mediation, and, if necessary, arbitration for the sole purpose of reducing any arbitration award to a judgment.

DATED: December 13, 2011         SEDGWICK LLP

By: /s/ Brian D. Harrison
    Brian D. Harrison
    Attorneys for Defendant
    WESTCHESTER FIRE INSURANCE
    COMPANY

DATED: December 13, 2011         ARATA, SWINGLE, SODHI & VAN EGMOND

By: /s/ William A. Lapcevic
    George Arata
    William A. Lapcevic
    Attorneys for Plaintiffs
    ROBERT DRAIZEN, PATRICK MIZE and

-3-
STIPULATION AND [PROPOSED] ORDER TO COMPLY WITH INSURANCE POLICY'S MANDATORY ADR PROVISION

SF/2636218v1

RODNEY K. LOWE

Based upon the stipulation of the parties, and good cause appearing,

That the mandatory ADR provision under Section XXII of the Policy applies to this action , that the Plaintiffs have elected to go to mediation, then, if necessary, to arbitration in this matter, that this action is stayed pending the outcome of mediation, and, if necessary, arbitration for the sole purpose of reducing any arbitration award to a judgment, and that Westchester's pending motion to dismiss the complaint or, in the alternative, to stay the action and to compel arbitration (DE 6) is vacated.

IT IS SO ORDERED.

Dated: __December 14, 2011__          _____

CHIEF UNITED STATES DISTRICT JUDGE

SF/2636218v1

-4-

STIPULATION AND [PROPOSED] ORDER TO COMPLY WITH INSURANCE POLICY'S MANDATORY ADR PROVISION